UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 20-cr-10128-MLW |
| | ) | |
| KEENAM "KASON" PARK, | ) | |
| | ) | |
| Defendant | ) | |

GOVERNMENT'S MOTION TO MODIFY CONDITIONS OF PRETRIAL RELEASE

The government respectfully moves the Court for an order modifying the defendant's conditions of pretrial release to prohibit him from soliciting investments or otherwise seeking or obtaining employment that may allow him access to the funds of others, and in support thereof states as follows:

Background

The defendant was arrested on November 26, 2019, and charged in a criminal complaint with one count of wire fraud in connection with a scheme to defraud private high schools and international students of millions of dollars in tuition and other fees. On December 13, 2019, the defendant was released on conditions. *See* Dkt. Nos. 23, 24. The conditions of release require the defendant to continue or actively seek employment but place no restrictions on the type of employment. *See* Dkt. No. 24. The conditions have subsequently been modified, first to allow discretionary leave requests from home detention, then to eliminate home detention and instead implement a curfew, and, finally, to remove the curfew and location monitoring conditions. *See* Dkt. Nos. 26–27, 29–30, and 34–35, respectively.

On June 18, 2020, the defendant signed a plea agreement in which he has agreed to waive indictment and plead guilty to a one-count information charging him with wire fraud. *See* Dkt. No. 37. According to the information, between approximately 2010 and 2019, the defendant's company, EduBoston – which partnered with private high schools in at least 10 states, including Massachusetts, to recruit international students for enrollment – collected tuition and other fees from the students' families and promised to pay the students' tuition to partnering schools prior to the start of each academic year. Dkt. No. 36 at ¶ 3. The information alleges that the defendant caused EduBoston to collect tuition and other payments from students' families for the 2019-2020 academic year but failed to remit tuition payments to partnering schools as promised. *Id.* at ¶ 5. Instead, the defendant used the funds on unrelated expenses, including personal expenses. *Id.* The information further alleges that the defendant also caused EduBoston to collect advance tuition and other payments for the 2020-20201 academic year, which he failed to return to the students' families after EduBoston went out of business in or about September 2019. *Id.* at ¶ 6. The defendant likewise used these funds on unrelated expenses, including personal expenses. *Id.* As a result of the fraud scheme, students' families sent more than $5 million to EduBoston that the defendant improperly used for personal or other expenses, instead of forwarding the money to partnering schools as tuition payments. *Id.* at ¶ 11.

Argument

Based on discussions with Senior U.S. Probation Officer Marlenny Ramdehal, it is the government's understanding that the defendant recently started two companies, North Star Medical Supplies Trading Company and Pelican Pouch, Inc., and has been soliciting investments to fund their operations. Given the nature of the charges to which the defendant has agreed to plead guilty, the government respectfully submits that he should be prohibited from soliciting

investments or otherwise seeking or obtaining employment that may allow him access to the funds

of others. The defendant diverted over $5 million from clients of his prior company, EduBoston,

and used those funds for his own personal expenses – including to gamble – rather than to pay

tuition to EduBoston's partnering schools as promised. While the government commends the

defendant's efforts to actively seek employment, which efforts defense counsel has indicated are

intended at least in part to pay restitution to the victims of the defendant's crime, the government

firmly believes that the requested modification to the conditions of release is necessary to mitigate

the risk of his reoffending.

The undersigned Assistant United States Attorney has conferred with Officer Ramdehal

regarding this motion, and she assents. Defense counsel has advised that the defendant opposes

the requested modification to his conditions of release.

Conclusion

Accordingly, the government respectfully requests that the Court modify the conditions of

pretrial release to prevent the defendant from soliciting investments or otherwise seeking or

obtaining employment that may allow him access to the funds of others.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By: */s/ Leslie A. Wright*
LESLIE A. WRIGHT
Assistant U.S. Attorney

Date:  July 31, 2020

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants identified on the Notice of Electronic Filing (NEF).


Dated:  July 31, 2020                By:    */s/ Leslie A. Wright*
                                       LESLIE A. WRIGHT
                                       Assistant United States Attorney