UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 20-10128-MLW |
| | ) | |
| KEENAM "KASON" PARK, | ) | |
| | ) | |
| Defendant | ) | |

## GOVERNMENT'S SENTENCING MEMORANDUM

The government respectfully submits this sentencing memorandum in connection with the sentencing of defendant Keenam Park.

Park – through his company, K&B Education Group, LLC, which did business under the name EduBoston – defrauded private high schools and international students of millions of dollars in tuition and other fees. The defendant operated what ultimately became a Ponzi scheme, collecting tuition and other payments from students' families and, instead of remitting the full tuition payments to schools as promised, using the funds to pay debts already owed, to pay partial deposits on tuition, and on unrelated expenses, including personal expenses. As a result, the schools that partnered with EduBoston and the families of students recruited by EduBoston have suffered losses totaling over five million dollars.

For his actions, Park should be sentenced to a term of imprisonment of 51 months followed by 24 months of supervised release, and should be required to pay restitution to his victims in an amount of at least $5,192,330.[1]

---

[1] This amount is based on information contained in an Excel spreadsheet prepared by representatives of EduBoston, as referenced in paragraph 43 of the initial Presentence Investigation Report ("PSR"). As noted in the PSR, this figure encompasses only losses to the partnering schools

OVERVIEW OF THE OFFENSE CONDUCT

As set forth in detail in the Presentence Investigation Report ("PSR"), Park was the President and Chief Executive Officer of K&B Education Group/EduBoston, which, beginning in or around 2010, partnered with private high schools in the United States to recruit international students for enrollment. EduBoston collected tuition and other fees from students' families and promised to pay the students' tuition to partnering schools prior to the start of each academic year.

Park caused EduBoston to collect tuition and other payments from students' families for the 2019-2020 academic year but, instead of paying the students' tuition and expenses (including medical insurance and host family expenses), used the funds on unrelated expenses, including personal expenses. The defendant also caused EduBoston to collect advance tuition and other payments for the 2020-2021 academic year as part of a so-called "early reenrollment program" (initiated by EduBoston in or around 2015 or 2016, when the company began experiencing cash flow problems as a result of Park's improper expenditures). Park likewise used these funds on unrelated expenses, including personal expenses.

Once it became apparent that EduBoston was millions of dollars short on its payment obligations, the defendant concealed that fact from partnering schools, from students' families, and even from the company's own employees. Instead of facing the consequences of his actions,

---

and does not include losses to individual victims. The government continues to receive information from both partnering school and individual victims and is working to prepare a final victim/restitution list for submission to the Probation Office and the Court. Pursuant to Title 18, United States Code, Section 3664(d)(5), the government respectfully requests that the Court set a date within 90 days of sentencing for the final determination of the victims' losses. As indicated in the PSR, additional loss information is not expected to impact the Sentencing Guidelines (*i.e.*, result in a total loss of less than $3,500,000 or more than $9,500,000). Finally, as set forth in the parties' plea agreement, the government is also seeking a forfeiture money judgment in the same amount of $5,192,330, which the defendant has agreed is subject to forfeiture on the grounds that it is equal to the amount of proceeds he derived from the offense.

Park tried to keep EduBoston afloat – including by making what appear to be risky foreign investments, taking out loans from hard money lenders, and gambling in an effort to recover money for the company – until he could sell it.

As a result of Park's scheme, students' families paid over five million dollars to EduBoston that Park improperly used for personal or other expenses – including to purchase homes and a luxury car and, as referenced above, to gamble (resulting in millions of dollars in gambling losses) – instead of paying the tuition owed to partnering schools. In or about September 2019, EduBoston announced that it would be going out of business effective immediately due to Park's "mismanagement" of the company's finances. As set forth in the PSR, Park's victims include partnering schools that were never paid the tuition that EduBoston collected for the 2019-2020 academic year,[2] individual victims who were required to pay a portion or all of the 2019-2020 tuition despite having already paid EduBoston, and individual victims who paid EduBoston in advance for the 2020-2021 academic year.

<u>THE APPLICABLE SENTENCING GUIDELINES</u>

The parties have stipulated in the plea agreement – and the PSR likewise concludes[3] – that Park's total offense level under the Sentencing Guidelines is 24. That calculation reflects a base offense level of 7 under Section 2B1.1(a)(1); an 18-level increase, pursuant to Section 2B1.1(b)(1)(J), based on the loss attributable to the defendant's conduct; a 2-level increase, pursuant to Section 2B1.1(b)(2)(A), because the offense involved 10 or more victims; and a 3-

---

[2] Most of these schools waived or discounted the tuition and permitted students recruited by EduBoston to remain enrolled.

[3] Aside from the loss/restitution-related issues discussed in footnote one above, the government does not believe that there are any legal questions not adequately addressed in the PSR nor any factual issues which require an evidentiary hearing. *See* Dkt. No. 47 (Procedural Order re: Sentencing Hearing) ¶ 10(a)(1)(b)-(c).

level decrease pursuant to Section 3E1.1 for acceptance of responsibility. The resulting Guidelines sentencing range is between 51 and 63 months.

SENTENCING RECOMMENDATION

As stated above, the parties have stipulated that Park's advisory Sentencing Guidelines range is between 51 and 63 months. Because the defendant promptly accepted responsibility for his criminal conduct – agreeing, upon being charged by criminal complaint, to waive indictment and plead guilty to the present charges – the government has agreed to recommend a sentence at the low end of that range. Nevertheless, the government firmly believes that a significant prison sentence is warranted in light of the serious nature of the crime and the need for both specific and general deterrence.

While EduBoston was a real company that provided a valuable service, at some point Park's greed caused him to use the company's money as his own to live beyond his means. When the consequences of his greed started to catch up with him, Park essentially began operating EduBoston as a Ponzi scheme, using the funds paid by students' families, including advance tuition for an upcoming academic year, to pay tuition past due or partial deposits on tuition owed. This scheme had real victims – the partnering schools that relied on the enrollment of the international students recruited by EduBoston and the students and their families who relied on EduBoston's placement services – who have suffered real, significant, and lasting harm. The defendant, who literally gambled with his victims' money, should face a meaningful sentence of incarceration for purposes of just punishment and to afford adequate deterrence. Not only should the sentence imposed deter similarly situated individuals from engaging in comparable conduct, but it should send a loud and clear message to the defendant himself, who the government fears, based in part

on what transpired at the Rule 11 hearing, may not fully comprehend the wrongfulness of his actions or their consequences.

<u>CONCLUSION</u>

For the foregoing reasons, the government respectfully requests that the Court sentence the defendant to a term of imprisonment of 51 months followed by 24 months of supervised release.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By:   */s/ Leslie A. Wright*
LESLIE A. WRIGHT
Assistant United States Attorney

Date:   October 19, 2020

<u>Certificate of Service</u>

I hereby certify that this document filed through the ECF system on October 19, 2020 will be sent electronically to the registered participants identified on the Notice of Electronic Filing (NEF).

By:     <u>*/s/ Leslie A. Wright*            </u>
        LESLIE A. WRIGHT
        Assistant United States Attorney

6