UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Cr. No. 20-10128-MLW |
| | ) |
| KEENAM PARK, | ) |
| Defendants. | ) |

MEMORANDUM AND ORDER

WOLF, D.J.                                          March 24, 2021

Defendant Keenam Park has filed a letter requesting that the court temporarily release him to home confinement while he completes a six-month treatment for Tuberculosis (Dkt. No. 130). However, while this court may "reduce" a term of imprisonment pursuant to 18 U.S.C. § 3582(c), it does not have the authority to temporarily release Park to home confinement. See United States v. Roberts, 2020 WL 1700032 at *3 (2d Cir. 2020); United States v. Perkins, 480 F.Supp.3d 360, 370 (D.N.H. 2020).

The Bureau of Prisons, however, does have the authority to "release a prisoner from the place of his imprisonment for a limited period" for various reasons including "obtaining medical treatment not otherwise available" and "engaging in any [ ] significant activity consistent with the public interest." 18 U.S.C. § 3622. Under section 12003(b)(2) of the Coronavirus Aid, Relief, and Economic Security (CARES) Act, Pub L. No. 116-136, the Bureau of Prisons also has expanded authority to release inmates to home confinement under 18 U.S.C. § 3624 following Attorney

1

General William Barr's finding that COVID-19 materially affects the Bureau of Prisons' Operations. <u>See</u> Mem. from W.P. Barr to M. Carvajal, at 1-2 (Apr. 3, 2020). Accordingly, if Park wishes to be temporarily released during his treatment, he must make that request to the Bureau of Prisons.

Because the court lacks the authority to grant the requested relief, Park's February 22, 2021 Request for Temporary Release (Dkt. No. 130) is hereby DENIED.

                                                                      /s/ Mark L. Wolf
UNITED STATES DISTRICT JUDGE