UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 20-CR-10128-MLW |
| | ) | |
| KEENAM "KASON" PARK, | ) | |
| Defendant. | ) | |

**UNITED STATES' AMENDED MOTION FOR PRELIMINARY ORDER OF
FORFEITURE FOR SUBSTITUTE ASSETS IN PARTIAL SATISFACTION OF
ORDER OF FORFEITURE (MONEY JUDGMENT)**

The United States of America, by its attorney, Nathaniel R. Mendell, Acting United States
Attorney for the District of Massachusetts, respectfully files this amended motion for the issuance
of a Preliminary Order of Forfeiture for Substitute Assets in Partial Satisfaction of Order of
Forfeiture (Money Judgment), pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c),
incorporating 21 U.S.C. § 853(p), and Rule 32.2(e) of the Federal Rules of Criminal Procedure.
This motion amends the pending motion, Docket No. 77, by deleting certain property and adding
certain other property as described herein. A proposed Preliminary Order of Forfeiture for
Substitute Assets in Partial Satisfaction of Order of Forfeiture (Money Judgment) is submitted
herewith. In support thereof, the United States sets forth the following:

1.      On July 14, 2020, the United States Attorney for the District of Massachusetts filed
a one-count Information charging Keenam Park (the "Defendant"), with Wire Fraud, in violation
of 18 U.S.C. § 1343 (Count One).

2.      The Information included a forfeiture allegation, pursuant to 18 U.S.C.
§ 981(a)(1)(C) and 28 U.S.C. § 2461(c), which provided notice that the United States intended to
seek the forfeiture, upon conviction of the Defendant of the offense alleged in Count One of the
Information, of any property, real or personal, which constitutes or is derived from proceeds

traceable to the offense.

3.     The Information further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

4.     On August 10, 2020, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Count One of the Information pursuant to a written plea agreement that he signed on June 18, 2020.

5.     On September 14, 2020, this Court issued an Order of Forfeiture (Money Judgment) against the Defendant in the amount of $5,192,330.  *See* Docket No. 63-1. On January 22, 2021, this Court issued an Amended Order of Forfeiture (Money Judgment) against the Defendant in the amount of $7,332,407.79. *See* Docket No. 128-1. In addition, the Court ordered that the United States was entitled to amend its Order of Forfeiture (Money Judgment) at any time to include substitute property having a value not to exceed that of the Money Judgment in order to satisfy the Order of Forfeiture (Money Judgment) in whole or in part.  *Id.* at ¶ 3.

6.     As of the date of this motion, the Defendant has an outstanding forfeiture money judgment in the amount of $7,307,958.79.

7.     The United States has identified additional properties belonging to the Defendant, which are subject to forfeiture as substitute assets, that can be applied toward satisfaction of the outstanding forfeiture money judgment, as follows:

2

a) A 2011 Lexus RX450H, bearing VIN JTJBC1BAXB2035337;

b) Nine large boxes containing unopened masks an facial coverings (personal protective equipment or PPE), located in United #C1207 at All American Self Storage, 14 Mill Road Natick, MA 01760; and

c) Five 27 inch iMac computers and one 21.5 inch iMac computer, in original packaging, located in Unit #2149 at i-Storage Self Storage at 145 N. Beacon Street, Brighton, MA 02135;

(the "Properties").[1]

8.     The Property is currently in the custody of the United States Marshals Service pursuant to seizure warrants issued by Magistrate Judge Donald L. Cabell.

9.     Pursuant to this Court's January 22, 2021 Amended Order of Forfeiture (Money Judgment), and Rule 32.2(e) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture for Substitute Assets in Partial Satisfaction of Money Judgment against the Properties.

10.    Upon the issuance of a Preliminary Order of Forfeiture for Substitute Assets in Partial Satisfaction of Money Judgment, and pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(p), the United States shall publish, for thirty (30) consecutive calendar days, notice of the Preliminary Order of Forfeiture for Substitute Assets in Partial Satisfaction of Money Judgment, and notice of the United States' intent to dispose of the Properties on the government website www.forfeiture.gov, and notice that any person, other than the Defendant, having or claiming a legal interest in the Properties must file a petition with the

---

[1] In the initial motion (Docket No. 77), the United States also identified two e*trade accounts for forfeiture but later learned the accounts had been closed.  The defendant caused an amount equivalent to the balances in those accounts as of August 2020, $24,446, to be paid over to the United States Marshals Service to be applied towards the Defendant's outstanding forfeiture money judgment.

Court within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier.

11.     This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Properties, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the Properties, and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the Properties, as a substitute for published notice as to those persons so notified.

WHEREFORE, the United States requests that this Court enter the Preliminary Order of Forfeiture for Substitute Assets in Partial Satisfaction of Money Judgment in the form submitted herewith.

Respectfully submitted,

NATHANIEL R. MENDELL
Acting United States Attorney

By:     /s/ *Carol E. Head*
CAROL E. HEAD
LESLIE WRIGHT
Assistant United States Attorneys
U.S. Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100
Dated: May 3, 2021                              carol.head@usdoj.gov